IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| MYHANH N. TONTHAT, | ) | CASE NO. 07-30315-H3-13 |
| | ) | |
| Debtor, | ) | |
| | ) | |

## MEMORANDUM OPINION

The court has held a hearing on the "Motion of Tina Hoellerer for Relief From Stay" (Docket No. 56). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Myhanh N. Tonthat ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on January 10, 2007. William E. Heitkamp is the Chapter 13 Trustee. Debtor's Chapter 13 plan was confirmed, by order entered April 26, 2007.

Debtor's Chapter 13 plan summary (Docket No. 21) indicates that there will be $48,926.30 available for distribution to unsecured creditors. Debtor estimated unsecured claims in the amount of $47,729.77.

In the instant motion, Tina Hoellerer ("Movant") seeks relief from stay, in order to seek entry of a final judgment in state court as to a cause of action filed in 2005. Movant asserts that the trial court granted summary judgment in Movant's favor. Movant also seeks "to proceed on post-judgment remedies, including seeking relief under the procedures of the Texas Real Estate Recovery Trust Account." (Docket No. 56).

Anthony Newton, an attorney who represented Movant in the state court suit, testified that the summary judgment granted by the state court was based on allegations in Movant's state court complaint being deemed admitted as a result of Debtor's failure to answer discovery requests. He testified that summary judgment was granted by an associate judge. He testified that Debtor requested reconsideration by the district judge, and filed the instant Chapter 13 case prior to reconsideration by the district judge.

Movant has filed an unsecured proof of claim in the instant case, in the amount of $267,388.75.

Debtor filed a response to the instant motion, asserting that Debtor lacks funds to pay state court counsel to defend the suit, and that "a claim against the Texas Real Estate Recovery Trust Account would result in a loss of Debtor's real estate license and the only occupation available to earn a living." (Docket No. 57).

2

Debtor presented no evidence in support of Debtor's contention that a claim against the Texas Real Estate Recovery Trust Account would result in a loss of Debtor's real estate license.

Newton testified that Movant is not seeking, in state court, any recovery from Debtor or the Debtor's estate. He testified that Movant is seeking recovery only from the Texas Real Estate Recovery Trust Account. He testified that he is unaware of any rule of the Texas Real Estate Commission that would deprive Debtor of a real estate license if a claim is made against the Texas Real Estate Recovery Trust Account.

## Conclusions of Law

Section 362(d)(1) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d)(1).

The party opposing relief has the burden of proof. 11 U.S.C. § 362(g).

What constitutes "cause" for the lifting of the stay pursuant to Section 362(d)(1) is not defined in the Bankruptcy

Code.  Whether cause exists must be determined on a case by case basis based on an examination of the totality of circumstances. In re Trident Assoc. L.P., 52 F.3d 127 (6th Cir. 1995); Claughton v. Mixson, 33 F.3d 4 (4th Cir. 1994); In re Tucson Estates, Inc., 912 F.2d 1162 (9th Cir. 1990).

In determining whether to lift the automatic stay to allow litigation against a debtor to proceed outside this court, the court should consider whether lifting the stay will result in any great prejudice to the debtor or the bankruptcy estate, whether any hardship to a nondebtor of continuation of the stay outweighs any hardship to debtor, and whether the creditor has a probability of prevailing on the merits of the case.  In re Namazi,  106 B.R. 93 (Bankr. E.D. Va. 1989).  In addition, where relief would permit the resolution of uniquely state law questions which necessarily must be decided as part of the case's administration, cause will exist to lift the automatic stay for that limited purpose.  In re Bell, 215 B.R. 266 (Bankr. N.D. Ga. 1997).

In the instant case, the potential hardship to Debtor and Movant are balanced by permitting the parties to continue to litigate in the state court, and by permitting the debtor to seek relief from the state court, if the state court believes it is appropriate to grant such protection.  The relief here granted is limited to concluding the litigation in state court, including

any appeals, and seeking recovery from the Texas Real Estate Recovery Trust Account.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on August 7, 2009.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE